# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRET W. OGILVIE and MERRY C. OGILVIE,<br><br>Plaintiffs,<br><br>v.<br><br>CARRON COBB, Manager, U.S. Bank; KLAICH ANIMAL HOSPITAL, LTD.; LORI HARRIS, Revenue Officer; DOUGLAS SHULMAN, I.R.S. Commissioner; CHRIS WAGNER, Deputy Commissioner; KATHERINE WELLSLEY, Manager; ROBERT (BOB) CAREY, Territory Manager; HARRY MANKA, Director; DAVID ALITO, Collections Director; MS. BROGAN, ID#16-02444, Sr. Disclosure Specialist; and C.J. MILLS, Disclosure Manager,<br><br>Defendants. | 3:08-CV-00269-BES-RAM<br><br>**ORDER** |

Presently before the Court is Defendants Lori Haris, Douglas Shulman, Chris Wagner, Katherine Wellsley, Robert Carey, Harry Manka, David Alito, Ms. Brogan and C.J. Mills' (collectively "Federal Defendants") Motion to Dismiss (#10) Filed June 18, 2008. The record does not indicate that Plaintiff Bret Ogilvie[1] ("Plaintiff") filed any response to this motion. Also before the Court is Plaintiff's Motion for Injunction (#15) filed June 19, 2008 and Plaintiff's Motion for Default Judgment (#30) filed October 9, 2008. Finally, because this case was removed from the Second Judicial District Court of Washoe County, Nevada, Defendants

---

[1] Plaintiff Merry Ogilvie was dropped from this action pursuant to the Court's order on October 7, 2008. (Order (#29) 1).

1

Klaich Animal Hospital ("Klaich") and Carron Cobb ("Cobb") have re-submitted their motions to dismiss filed in the state court, (#9) and (#16) respectively, for this Court's consideration.

**I. BACKGROUND**

This matter arises out of the Plaintiff's objections to the Internal Revenue Service's ("IRS") attempts to collect on his outstanding federal income tax liabilities. Plaintiff commenced this action in the Second Judicial District Court of Washoe County, Nevada on April 29, 2008 alleging nine claims and seeking a total of nine million dollars in damages. (Notice of Removal (#1) Ex. A). In each of the nine claims, Plaintiff makes a series of confusing allegations regarding actions taken or not taken by the IRS in conjunction with its collection of Plaintiff's outstanding federal income tax liabilities. (Defs.' Mot. (#11) 2). In his complaint, Plaintiff generally alleges that (1) the IRS filed a Notice of Federal Tax Lien ("NTFL"), (2) in response, Plaintiff's power of attorney, Linwood Tracy ("Tracy"), submitted a "Certificate of Lien Release" to the IRS demanding that the NTFL be withdrawn, (3) because the IRS did not withdraw the NTFL, it allegedly violated 26 U.S.C. §6325(a) and Nev.Rev.Stat. §31.240, (4) the IRS wrongfully levied on Plaintiff's bank account at U.S. Bank, (5) the IRS wrongfully informed plaintiff's power of attorney, Linwood Tracy, that he could not represent Plaintiff at the IRS, and (6) the IRS wrongfully garnished Plaintiff's wages. Id.

The only federal defendant actually referenced in the body of the complaint is Revenue Office Lori Harris ("Harris"). Id. Plaintiff alleges that Harris failed to release the NTFL after receiving Tracy's "Certificate of Lien Release," wrongfully informed Tracy that he was released as Plaintiff's power of attorney, and issued levies inconsistent with Nev.Rev.Stat. §31.240. Id. As to the remaining Federal Defendants (who are employees of the IRS and the Department of the Treasury) as well as Klaich and Cobb, Plaintiff makes no specific allegations in the complaint regarding their actual participation in any of these matters. Id.

On May 21, 2008, the Federal Defendants removed the case to this Court pursuant to 28 U.S.C. §§1441 and 1442, and argued that removal was proper under §§1442(a)(1) because the action was brought against officers of the United States who can assert colorable federal defenses. (Notice of Removal (#1) 2). Defendants Klaich and Cobb, who are not federal

officers and who filed motions to dismiss in the state court before the removal, re-submitted those motions to this Court for consideration on June 11 and June 23, 2008 respectively.

## II.  LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

Because Plaintiff is a pro se litigant, the Court must construe liberally his inartful pleading. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). Thus, the Court must decide whether it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, even when his claims are liberally construed. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).

## III. DISCUSSION

### A.  Federal Defendants' Motion to Dismiss

#### 1.  Propriety of Removal

The Federal Defendants removed this action to this Court under 28 U.S.C. §1442(a)(1). (Notice of Removal (#1) 2). Under §1442(a)(1), a civil action brought in state court against the United States or a federal officer is removable to federal district court. In general, an action may be removed from state to federal court only if the federal district court would have original jurisdiction over the claim in suit. Jefferson County, Ala. v. Acker, 527 U.S. 423, 430 (1999). To remove a case as one falling within federal question jurisdiction, the federal question ordinarily must appear on the face of the properly pleaded complaint, an anticipated actual federal defense generally does not qualify a case for removal. Id. at 431. However, suits

against federal officers are exceptional in this regard. Id. Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint. Id. To qualify for removal, a federal officer must both raise a colorable federal defense, and establish that the suit is for an "act under color of office." When federal parties properly remove an action under §1442(a)(1), the federal court may assume jurisdiction over all the claims and parties in the case. See Watkins v. Grover, 508 F.2d 920, 921 (9th Cir. 1974).

In this case, the Federal Defendants have established that they were named in this suit because of their administrative collection actions taken on behalf of the IRS in order to collect Plaintiff's back taxes. (Defs.' Mot. (#11) 4). It is clear from the complaint that the federal defendants were sued because of the actions they took in their official capacities as officers and employees of the IRS. Hence, the Federal Defendants have established that this suit was for an "act under color of office." Furthermore, the Federal Defendants have established that they can raise colorable federal defenses under the doctrine of sovereign immunity and the Anti-Injunction Act. Id. at 3-6. Therefore, this case was properly removed under §1442(a)(1).

**2. Sovereign Immunity**

The Federal Defendants argue that Plaintiff's suit is barred by the doctrine of sovereign immunity. Id. at 2. It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Gilbert v. DaGrossa, 756 F.2d 1455, 1457 (9th Cir. 1985) (citing U.S. v. Shaw, 309 U.S. 495, 500-01 (1940)). A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity. Baker v. U.S., 817 F.2d 560, 562 (9th Cir. 1987). Such waiver cannot be implied, but must be unequivocally expressed. Id. Statutes which are claimed to waive sovereign immunity are to be strictly construed against such surrender. Safeway Portland Emp. Fed. Credit Union v. Fed. Deposit Ins. Corp., 506 F.2d 1213, 1216 (9th Cir. 1974). Where a suit has not been consented to by the United States, dismissal of the action is required. Gilbert, 756 F.2d at 1475. "It is axiomatic that the United

///

1  States may not be sued without its consent and the existence of such consent is a prerequisite
2  for jurisdiction." U.S. v. Mitchell, 463 U.S. 206, 212 (1983).

3  Naming individual federal employees as defendants does not keep an action from being
4  a suit against the United States. Gilbert, 756 F.2d at 1458. It has long been the rule that the
5  bar of sovereign immunity cannot be avoided by naming officers and employees of the United
6  States as defendants. Id. (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S.
7  682, 688 (1949)). Thus, a suit against IRS employees in their official capacity is essentially
8  a suit against the United States. Id. As such, absent express statutory consent to sue,
9  dismissal is required.

10  In this case, as discussed above, the Federal Defendants have been sued in connection
11  with their official duties on behalf of the IRS in the collection of Plaintiff's back taxes. The fact
12  that they are named individually is irrelevant and therefore the Court considers this action as
13  one against the United States. Even giving Plaintiff's complaint and subsequent filings a
14  liberal construction, it is clear that he has failed to carry his burden of demonstrating to the
15  Court that the United States has waived its sovereign immunity in this case. As such,
16  dismissal of this action is required as to all of the Federal Defendants.

17  **B. Klaich's and Cobb's Motions to Dismiss**

18  Turning to the remaining defendants in this action, the Court notes that even though the
19  federal parties have been eliminated from this suit after removal under §1442, this Court
20  retains jurisdiction over any remaining claims against the non-federal parties. See Watkins,
21  508 F.2d at 921. Both Klaich and Cobb argue that although they are named defendants in the
22  suit, Plaintiff fails to allege any facts concerning either of them in the body of the complaint.
23  (Klaich's Mot. (#9) 3); (Cobb's Mot. (#16) 4). They also argue that even if the allegations in the
24  complaint were sufficient, they would be entitled to immunity under 26 U.S.C. §6332(e)
25  (providing that a third party who honors an IRS tax levy and surrenders the delinquent
26  taxpayer's property to the IRS is "discharged from any...liability to the delinquent taxpayer").
27  (Klaich's Mot. (#9) 5-6). This Court agrees. Plaintiff does not allege any actions by Klaich or
28  Cobb in the body of the complaint. Even liberally construing Plaintiff's complaint, it is beyond

5

doubt that he can prove no set of facts alleged that would entitle him to relief against Klaich or Cobb. Furthermore, even if Plaintiff were to make factual allegations regarding Klaich's or Cobb's compliance with the IRS notice of levy, 26 U.S.C. §6332(e) provides them with a complete defense for their compliance. See Cauchi v. Brown, 51 F.Supp.2d 1014, 1018 (E.D.Cal. 1999). Accordingly, Klaich's and Cobb's Motions to Dismiss are granted.

**C. Amendment**

In general, before dismissing a pro se complaint for failure to state a claim, a district court should give a pro se litigant leave to amend the complaint and a statement explaining the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988). Leave to amend is not required, however, where it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Id. at 623; see also Shermoen v. United States, 982 F.2d 1312, 1319 (9th Cir.1992) ("'[A] district court does not err in denying leave to amend where the amendment would be futile.'"). Here, Plaintiff cannot cure the deficiencies of his complaint by amendment. Consequently, Plaintiff's claims are dismissed without leave to amend.

**D. Ogilvie's Remaining Motions**

Finally, because the Court has dismissed Plaintiff's complaint as to all defendants, Plaintiff's Motion for Injunction and Motion for Default Judgment have been rendered moot and the Court will not consider them here.

**IV. CONCLUSION**

Accordingly, IT IS ORDERED that the Federal Defendants' Motion to Dismiss (#10) is GRANTED.

IT IS FURTHER ORDERED that Defendant Klaich's Motion to Dismiss (#9) is GRANTED.

IT IS FURTHER ORDERED that Defendant Cobb's Motion to Dismiss (#16) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Injunction (#15) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (#30) is DENIED as moot.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 23rd day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE